UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re John Rex Rigney,　　　　　　　　　　　　Case No. 07-52758
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　Debtor.　　　　　　　　　　　　Hon. Marci B. McIvor
_____/

Gene R. Kohut, Trustee

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 07-6287
Janice Rigney,

　　　　　　　　Defendant
_____/

## OPINION GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

This matter is before the Court on defendant Janice Rigney's Motion to Set Aside Default Judgment. On August 5, 2009, the Court held an evidentiary hearing on the Motion. At the conclusion of the hearing, the Court granted Defendant's Motion. This Opinion supplements the Court's bench ruling.

### Facts

On November 18, 1998, non-debtor defendant Janice Rigney obtained a Judgment of Divorce from debtor John Rigney. The Judgment of Divorce awarded Defendant real property located at 3439 Baldwin Road, Orion Township, Michigan (hereinafter "the property") as her sole and separate property. The Judgment of Divorce awarded John Rigney a $10,000 lien against the property. Debtor signed a quit claim deed, conveying his entire interest in the property to Defendant on November 18, 1998. On June 10, 1999, Defendant paid Debtor $10,366.20, in full satisfaction of his lien.

Defendant did not record the quit claim deed she received from Debtor with the Oakland County Register of Deeds until January 5, 2007.

On March 15, 2007, Defendant sold the property to Baldwin Orion Holdings, LLC for $269,887.84, and executed a warranty deed transferring title to Baldwin. That warranty deed was recorded by the Register of Deeds on March 16, 2007. In early July, 2007, Defendant left Michigan and, with part of the proceeds from the sale of the Baldwin Road property, purchased property located at 4576 NW Berline Road, King City, Missouri (hereinafter "the Missouri property"). The warranty deed transferring the Missouri property to Defendant was recorded with the Gentry County register of deeds on July 18, 2007.

On June 30, 2007, John Rigney filed a voluntary chapter 7 bankruptcy proceeding in the Eastern District of Michigan.

On August 28, 2007, Gene Kohut, the chapter 7 trustee, filed an adversary complaint against Defendant Janice Rigney. The Complaint, which was amended on September 11, 2007, alleged that the January 5, 2007 recording of the quit claim deed (conveying the property from Debtor to Defendant) constituted either a preferential transfer pursuant to 11 U.S.C. § 547, or a fraudulent transfer pursuant to 11 U.S.C § 548, which could be avoided by the Trustee. The complaint further alleged that once the deed was avoided, Debtor retained an interest in the property, and that his half interest in the sale proceeds ( $133,443.92) was owed by defendant Janice Rigney to the Chapter 7 estate.

On September 11, 2007, Plaintiff filed a Certificate of Service stating that on that date, the first amended complaint was served on Defendant by way of first class mail to

2

3439 South Baldwin, Orion MI 48359. Defendant did not file an answer to the Complaint, and on October 3, 2007, the bankruptcy clerk entered a clerk's entry of default. On October 8, 2007, Plaintiff filed a Motion for Default Judgment. A default judgment was entered against Defendant on October 11, 2007. The default judgment awarded Plaintiff $133,443.92 plus interest, pursuant to 11 U.S.C. §§ 547, 548 and 550.

On February 5, 2008, this Court entered an Order authorizing the employment of special counsel in Missouri to pursue collection of the default judgment in Missouri. Special counsel registered the default judgment with the U.S. District Court for the Western District of Missouri and filed a notice of statutory judgment lien with the appropriate Recorder of Deeds in Missouri. On October 21, 2008, special counsel filed, on behalf of the Trustee, a Motion for Order of Seizure and Sale of Property in the United States District Court for the Western District of Missouri. The Trustee seeks to enforce its default judgment against Defendant by foreclosing on her Missouri house. On November 5, 2008, Defendant filed a pro se response to the Motion for a seizure order. On December 2, 2008, the federal court in Missouri entered an Order staying the Motion for Order of Seizure and Sale of Property.

On January 9, 2007 Defendant filed a Motion to Set Aside Default Judgment. On February 3, 2009, Defendant filed a Motion to Reopen Adversary Proceeding. Plaintiff filed responses to both Motions. Neither party took any further action and, inadvertently, the Court failed to schedule a hearing on the Motions until July. On July 21, 2009, the Court sent out a Notice of Hearing scheduling both Motions for hearing on August 4, 2009. At the August 4, 2009 hearing, Plaintiff was represented by counsel, and Defendant appeared on her own behalf. At the conclusion of the hearing, the Court

3

granted Defendant's Motion to Reopen and scheduled an evidentiary hearing on the Motion to Set Aside the Default Judgment. The evidentiary hearing was held on August 5, 2009.

## Analysis

Fed. R. Civ. P. 55(c), made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7055, provides that "for good cause shown, the court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P 60 (b)(made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9024) provides:

[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect. . . or (6) any other reason justifying relief from the operation of the judgment."

As explained by the Sixth Circuit Court of Appeals, the determination of whether relief should be granted from an order or judgment under Rule 60(b) depends on:

(1) whether culpable conduct of the defendant led to the default,
(2) whether the defendant has a meritorious defense, and
(3) whether the plaintiff will be prejudiced.

*Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)(citation omitted). The factors are not to be weighed. "It is only when the [movant] can carry this burden [of demonstrating that the order was the result of mistake, inadvertence, surprise, or excusable neglect] that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of a substantial prejudice to the plaintiff should be granted." *Id.*

4

Federal courts strongly favor decisions on the merits. *Berthelson v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). In fact, the policy is so strong, even where a defendant wilfully evades service of process, a default may be set aside. In *Berthelson*, the court held that even though the defendant wilfully evaded service the entry of default should be set aside because the plaintiff would not be prejudiced and the defendant had a meritorious defense. Id. at 622.

The party requesting relief under Fed. R. Civ. P. 60(b) bears the burden of establishing grounds for such relief. *McCurry v. Adventist Health Syst./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). Relief under Rule 60(b) lies within the discretion of the Court. *In re Wagstaff*, 3 Fed. Appx. 612 (9th Cir. 2001).

Under this analysis, the first matter to be considered by the Court is whether culpable conduct of the Defendant led to the entry of the default judgment. Defendant testified that she had no notice of the complaint or the default judgment until October 2008, when she was served with a lawsuit in Missouri.[1] The Trustee's adversary complaint was served on Defendant by regular mail to the Baldwin property in Orion Township, Michigan on September 11, 2007. Defendant testified that she moved to Missouri in July, 2007. Defendant further testified that she had no contact with Debtor or the new owners of the Baldwin Road property after she left for Missouri, and had not made any arrangements for her mail to be forwarded to her.

The Court found Defendant's testimony as to lack of notice credible, and her testimony is corroborated by the warranty deed verifying the date on which Defendant

---

[1] Defendant was unclear as to the nature of the lawsuit, presumably, it was service of the Motion for Order of Seizure and Sale of Property.

5

purchased the Missouri property.  Defendant also presented signed (but unsworn) statements of two neighbors stating that Defendant moved into her Missouri property in July, 2007.  Once Defendant became aware of the judgment, she immediately attempted to unravel the legal bind in which she found herself.  Defendant is representing herself in these proceedings.   Based on the foregoing evidence, the Court finds that Defendant's failure to answer the adversary complaint was the result of excusable neglect because she had no notice of the adversary proceeding.

The second factor the Court must consider in determining whether to set aside the default judgment is whether Defendant has a meritorious defense.  Plaintiff's amended Complaint alleges two causes of action: a preference action pursuant to 11 U.S.C. § 547, and a fraudulent conveyance action pursuant to 11 U.S.C. § 548.  The Court finds that Defendant potentially has a meritorious defense to both causes of action.

11 U.S.C. § 547 provides in relevant part:

(b)  Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made –
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if–
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the

6

extent provided by the provisions of this title.

A preference action presupposes that the Defendant is a creditor. To the extent that Debtor and Defendant were creditors of each other as a result of the divorce decree, their mutual obligations were satisfied when Defendant paid Debtor $10,366.20 and Debtor gave Defendant the quit claim deed. Without further briefing by the parties, it is unclear whether, at this juncture, Defendant is a creditor for purposes of an action under § 547. Furthermore, § 547 specifically provides numerous defenses to a preference defendant. Again, without further briefing, it is unclear whether Defendant may be able to avail herself of any of these defenses.[2]

With regards to Plaintiff's cause of action seeking to recover money from Defendant under a fraudulent conveyance theory, Debtor must show that Debtor transferred property either with the intent to defraud his creditors or while insolvent for less than reasonably equivalent value. 11 U.S.C. § 548 states in relevant part:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> >
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

---

[2] The Court noted at the hearing that if Plaintiff's preference theory succeeds, Defendant has a claim as a general unsecured creditor for all amounts paid to the Trustee.

7

> (ii)(I) was insolvent on the date that such transfer was made
> or such obligation was incurred, or became insolvent as a
> result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about
> to engage in business or a transaction, for which any
> property remaining with the debtor was an unreasonably
> small capital;
>
> (III) intended to incur, or believed that the debtor would incur,
> debts that would be beyond the debtor's ability to pay as
> such debts matured; or
>
> (IV) made such transfer to or for the benefit of an insider, or
> incurred such obligation to or for the benefit of an insider,
> under an employment contract and not in the ordinary
> course of business.

At the evidentiary hearing, Defendant testified credibly that Debtor had no interest in the Baldwin Road property after he quit claimed the property to her on November 18, 1998 and she paid off his lien on June 10, 1999. While Debtor lived in the house form 2000 to 2007, Defendant testified that they lived separately in the house. Defendant further testified that she negotiated the sale, recorded the deed, and closed on the sale of the Baldwin Road property without consulting Debtor in any way. Her testimony is corroborated by the following facts: (1) the quit claim deed recorded by Defendant is the deed she received from Debtor dated November 19, 1998; (2) only Defendant's name appears on the warranty deed transferring title from Defendant to Baldwin Orion Holdings, LLC, (3) only Defendant's name appears on the closing statement, and (4) Defendant retained 100% of the proceeds of the sale of the house. Based on these facts, Defendant appears to have a reasonable defense with regards to an argument that the delayed recording of the deed by Defendant was an act by *Debtor*

to hinder or delay *his* creditors.

Defendant may also have a defense to the argument that Debtor transferred his property for less than reasonably equivalent value. Without further briefing, it is unclear which "transfer" the Trustee is seeking to avoid (the transfer of the property from Debtor to Defendant by quit claim deed in 1998, or the recording of the quit claim deed in 2007), and it is unclear whether the recording of a deed constitutes a "transfer" under § 548. Thus, the Court concludes that the Defendant has meritorious defenses.

The third factor the Court must consider in determining whether to set aside the default judgment is prejudice to the Plaintiff. Plaintiff is certainly prejudiced by setting aside the default judgment. After obtaining the default judgment, Plaintiff had special counsel appointed in Missouri. The Missouri lawyer has spent both time and money attempting to collect on the default judgment for the benefit of Debtor's unsecured creditors. However, Debtor's schedules indicate that Debtor's unsecured debt is primarily consumer credit card debt. While these creditors, like all creditors, would prefer to be paid sooner rather than later, there is no great prejudice to the unsecured creditors by delaying a potential distribution for a few months. On the other hand, Defendant is greatly prejudiced by not having her defenses heard on the merits. Defendant's sole asset is her house in Missouri. The Trustee is seeking to enforce its judgment by foreclosing on Defendant's house. While it is possible that the Trustee may prevail on the merits of its claims, the severe impact a judgment would have on Defendant dictates that Defendant be allowed to assert any defenses available to her, and receive a ruling on the merits of the Trustee's case.

Conclusion

9

The Court finds that Defendant has satisfied the conditions for setting aside a default judgment pursuant to Fed. R. Civ. P. 60(b)(6). Defendant's Motion to Set Aside Default Judgment is, therefore, granted.

**Signed on August 06, 2009**

                                                **/s/ Marci B. McIvor**
                                                **Marci B. McIvor**
                                                **United States Bankruptcy Judge**